## MATT W. ALLEN, Administrator, *vs.* ANDREW J. ALLEN and others.

### April Term, 1874.

WILL—CONSTRUCTION—VESTED INTEREST.—Under a will by which the testator devises his property to his widow for life, then to be sold and the proceeds equally divided among his children, each child taking an equal share, after deducting specified advancements, the children living at the death of the testator take vested and transmissible interests.

FAMILY SETTLEMENT—DEED ACTED UPON.—A trust deed, intended as a family settlement, executed by all parties in interest, except an infant child of a deceased married woman whose husband (the father of the child) joined in it, and duly proved and registered as to all save two of the adult bargainors,

under which the trustee took possession and acted for years, and was called to account by a bill in chancery, to which all persons interested were parties, including the infant, will not be disturbed upon another bill filed after the death of the trustee, but executed so far as it remains unexecuted, the infant not being prejudiced.

*J. L. Rice* and *M. W. Allen*, for complainants.
*T. H. Malone*, for defendants.

THE CHANCELLOR:—By the will of Matthew P. Walker, which was recorded in 1851, his property was devised to his widow, Agnes Walker, for life, and then to be sold and the proceeds divided among his children equally, after deducting advancements as shown by the will, or, to use the language of the testator himself, thus: "To avoid misunderstanding or confusion, I will and bequeath to each of my children an equal share of my estate, after deducting from the receivers the several portions as I have specified them above." John Taylor, one of the executors named in the will, alone qualified, and proceeded to execute the will.

On the 8th of September, 1856, Agnes Walker, the widow, and all the living children of the testator, joined in an instrument in writing, by which, in substance, they appointed Samuel Williams, of Gibson county, trustee, to take possession of all of the property of the estate of Matthew P. Walker, and sell the same, with some small exceptions of personalty to be left with the widow, at public or private sale, for cash or on credit, and execute to the purchasers titles in fee with covenants of warranty, and sign the names of the said grantors to such deeds, and invest the funds so as to bring in a 6 per cent. per annum income, and to pay the income to the widow for life, and after her death to divide the principal of said fund, arising from the sale of said property, "among the persons and in the manner in which the proceeds of the sale of the property bequeathed to the widow for life would, under the will, have been divided and disposed of, if the said property had been sold, after the death of the widow, by the executor, as

·directed in the will." The execution of this instrument was ·duly acknowledged by all the bargainors, the privy examination of the *femes covert* being in due form, except that Malissa C. Walker and Agnes Walker, two of the adult parties, failed to acknowledge the deed, nor was it ever proved as to them by the attesting witnesses, of whom there were several. The deed was also registered.

One of the children of the testator, the wife of John 'Taylor, the executor, was dead when the instrument just ·mentioned was executed. She had left a daughter, Agnes F., then a minor, now the wife of David Stratton. Taylor himself, as an individual, but not as executor, joined in the ·trust to Williams.

Under the instrument referred to Williams did take possession of the property, and proceeded to execute the trusts which devolved upon him, by selling and investing the proceeds of sale, and paying the income to the widow. He made a sale of the land to Matthew Allen, but the sale has recently been set aside as void because not in writing. ·Williams died in 1865.

On the 20th of January, 1870, a bill was filed in the ·chancery court of Gibson county by Agnes Walker, the widow, against the personal representatives of Samuel Williams, and against the children of Matthew P. Walker, the original testator, and the children and representatives ·of such as were dead, alleging the foregoing facts, seeking ·an account of the trusteeship of Samuel Williams, asking ·for the appointment of a new trustee, and for the execution ·of the trust; and such proceedings were had that a decree was rendered for an account of the trusteeship of Williams, and appointing H. V. C. Wynne trustee in the room and ·stead of Williams, deceased. To this bill John Taylor, and his daughter and her husband, and Malissa C. Walker were parties defendant, and allowed the bill to be taken for ·confessed against them, and have acquiesced in the decree. Matthew Allen, husband of Malvina T. Allen, one of the ·children of Matthew P. Walker, was also a defendant, his

wife being then dead. His children seem not to have been made defendants.

The present bill was filed on the 12th of July, 1872, by Matt W. Allen, as the administrator of Malvina T. Allen, against H. V. C. Wynne, as trustee and administrator of Agnes Walker, the widow, now also deceased, and against John Taylor, executor, and all persons interested in the estate of Matthew P. Walker, under his will.

The object of the bill is to have the deed to Williams pronounced null and void because not properly executed, to have the will of Matthew P. Walker executed by John Taylor as executor, and the proceeds divided under the will, and for this purpose asking for all necessary accounts. The complainant also asks a construction of the will, and a declaration to whom the shares of the testator's married daughters, who died before the widow, should go.

Inasmuch as the proceeds of the lands which remain to be sold are the only subject of litigation in this case, and inasmuch as the trust to Williams expressly provides that these proceeds shall be divided by the trustee precisely as they would be divided under the will, it is a matter of no practical moment whether the trust is valid or invalid. For, whether the land be sold by Taylor as executor, or by Wynne as trustee, or by the clerk and master of the court, the disposition of the proceeds will be the same. The only effect of setting aside the trust would be to throw a cloud upon the title of purchasers from Williams, to render the task of collecting any purchase money which may yet be due from such sales more difficult, and to complicate the settlement of Williams himself. Under these circumstances it must be a very clear case which would induce a court of chancery to interfere with an instrument so long acquiesced in.

The objections to the deed are that Agnes Walker, the widow, and Malissa C. Walker, one of the testator's children, did not acknowledge the deed; and that the infant daughter of John Taylor's wife did not, and could not, execute the instrument. Neither Malissa C. nor the widow

was under any disability at the date of signing, and the instrument was, by express statute, good as between them and Williams. Code, § 2072; *Green* v. *Goodall*, 1 Coldw. 405, 412. The vendee became vested with an inchoate legal title, which could be perfected by registration or through this court. *Ward* v. *Daniel*, 10 Humph. 603. Moreover, the widow always recognized the validity of the deed, and she and all persons claiming under her are estopped to dispute its validity, and Malissa C. was a party to the proceedings in the chancery court of Gibson county, based upon the validity of the deed. There is nothing in this objection.

Upon the death of Taylor's wife the legal title to her share of the land vested in her daughter, subject, however, to be divested by the execution of the power of sale under the will. There can be no doubt that the testator's children took vested and transmissible interests in remainder in the proceeds of sale, for the intention is clear to give each child a several interest. *Whitman* v. *Young*, 1 Tenn. Ch. 586. And as the will, by ordering a sale, operated a conversion out and out of land into personalty, the share of the proceeds of each child, if not otherwise disposed of by him or her, would probably go to his or her personal representative, to be distributed according to law. The probability is, therefore, that Taylor *jure mariti* is entitled to these proceeds, so far as the interest of his wife is concerned, and, if so, the daughter would have only the naked legal title, subject to the rights of her mother's representative, to the proceeds of sale. At the request of the parties, I will reserve for the present the final decision as to whom the proceeds of sale do go. But it is clear that, inasmuch as Taylor himself joined in the deed, the trustee would have been entitled to apply to this court, if necessary, to divest the naked legal title of the daughter. At the same time, it is obvious that his power to convey the legal title is, to the extent of this interest, defective, and would require to be supplemented by a decree of this court.

The effect of this state of facts is, not to invalidate the trust, but to show that the trustee cannot completely execute the trust without the aid of the court. A sale by him out of court would give the purchaser a right to call for this moiety of the legal title, but would not directly give him the title. If the daughter were beneficially interested, the executor could alone divest her interest by a sale under the will.

On the other hand, Taylor, having joined in the trust to Williams, is estopped to dispute the trustee's right to sell, so far as his interest is concerned ; and all the other parties in interest, except his daughter, are equally estopped.

Under these circumstances, the court, having before it all the parties in interest, will execute the will through the instrumentality of its own officers. The costs will be paid out of the fund.